[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10335
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:08-cv-01305-GJK

JOHN L. BAKER,

        Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 23, 2010)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

John L. Baker appeals the magistrate judge's order affirming the

Administrative Law Judge's ("ALJ") denial of disability insurance and

supplemental social security income benefits, 42 U.S.C. § 405(g), on behalf of the Commissioner of Social Security. On appeal, Baker argues that his use of a cane renders him unable to perform the full range of work at the "sedentary" exertional level. He also argues that the ALJ inappropriately relied on the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2 ("Grids"), rather than a vocational expert's testimony, to determine whether he was disabled.

When an ALJ denies benefits and the Appeals Council "denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the ALJ's decision "to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citation omitted). We do not reweigh the evidence, decide the facts anew, or make credibility determinations. *Id.* (citation omitted). We review *de novo* the legal principles on which the ALJ's decision is based. *Id.* (citation omitted).

An individual claiming disability benefits carries the burden of demonstrating that he is disabled. *Id.* (citation omitted). The social security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled. *Id.* (citation omitted); 20 C.F.R. § 404.1520(a)(4)(i)–(v). It is undisputed that Baker meets steps one through three.

At step four, the ALJ must evaluate the claimant's residual functional capacity ("RFC") and the claimant's ability to return to his past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). RFC is that which an individual is still able to do despite the limitations caused by his impairments. *Id.*; 20 C.F.R. § 404.1545(a). There are 3 types of limitations: (1) exertional limitations affect an individual's ability to meet the seven strength demands of the job; (2) non-exertional limitations affect an individual's ability to meet the non-strength demands of the job; and (3) limitations that are both exertional and non-exertional. 20 C.F.R. § 404.1569a(b)–(d). The ALJ must use "all the relevant medical and other evidence" to determine if the claimant can return to his past relevant work. *Phillips*, 357 F.3d at 1238 (citation omitted).

If the ALJ assesses the claimant's RFC and determines that the claimant cannot return to his past relevant work, then the ALJ moves on to step five. *Id.* at 1238–39. At step five, the ALJ must determine if there are other jobs in the national economy to which a claimant could adjust, considering the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Phillips*, 357 F.3d at 1239. The ALJ considers the physical requirements of a job, as divided into five exertional levels: sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567(a)–(e). "[I]n order for an individual to do a full

3

range of work at a given exertional level, such as sedentary, the individual must be able to perform substantially all of the exertional and nonexertional functions required to work at that level." Soc. Sec. Ruling ("SSR") 96-8p, 61 Fed. Reg. 34474-01 (July 2, 1996). According to the regulations:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The ALJ may approach step five in one of two ways. *Phillips*, 357 F.3d at 1239. First, an ALJ may apply the Grids, 20 C.F.R. pt. 404, subpt. P, app. 2, which provide adjudicators with a guideline for jobs available in the national economy for someone of the claimant's characteristics. *Id.* at 1239–40. Second, the ALJ may consult a vocational expert. *Id.* at 1240. A vocational expert is an expert on the kinds of jobs an individual can perform based on his capacity and impairments. *Id.*

Generally, after determining the claimant's RFC and ability to return to past relevant work, the ALJ can use the Grids to determine if other jobs exist in the national economy that a claimant is able to perform and, consequently, whether the

4

claimant is disabled. *Id.* at 1242. However, an ALJ must consult a vocational expert upon finding either (1) that the claimant is not able to perform a full range of work at a given residual functional level or (2) that the "claimant has non-exertional impairments that significantly limit basic work skills." *Id.* (citation and quotation omitted). If the ALJ concludes that the claimant can perform a full range of work at a given level, and also that the claimant has no non-exertional limitations that significantly limit basic work skills, the ALJ may rely exclusively on the Grids to determine if the claimant is disabled. *Id.* at 1242–43.

Baker argues that the ALJ erred in finding that he had the RFC to perform the full range of sedentary work. The parties dispute whether the ALJ determined if Baker's cane was "medically necessary," but this issue is not dispositive. Even an individual using a medically required hand-held assistive device can perform sedentary work, depending on the facts and circumstances of the case. *See* SSR 96-9p, 61 Fed. Reg. 34478-01 (July 2, 1996). The ALJ determined that Baker "requires a cane for ambulation but is able to walk effectively with it." However, Baker argues, the ALJ did not perform a function-by-function analysis of the effects of Baker's cane on specific basic sedentary work skills. Baker argues that the ALJ made no finding about the effects of Baker's cane on balancing, prolonged versus brief ambulation, standing, lifting and carrying with one hand,

balancing on level terrain, and stooping.

The ALJ found that Baker's cane was needed for ambulation, but that Baker was able to walk effectively with its assistance. Although some of the reporting physicians noted that Baker requires a cane to walk, no physician of record rendered an opinion that suggests that the cane limits his ability to comply with the exertional requirements of sedentary work. Rather, the ALJ found that there was no loss of motion or deformity of major joints, that Baker only had "mild" lumbar paravertebral muscle spasms, and had no sensory or reflex deficits. The only restrictions placed on Baker by his physician were no repetitive motions and no heavy lifting. Further, the ALJ discredited Baker's testimony concerning the limits on his physical capacity. *Moore*, 405 F.3d at 1212 ("We recognize that credibility determinations are the province of the ALJ.") (citation omitted). Substantial evidence supports the ALJ's determination that Baker has the RFC to perform the full range of sedentary work.

Baker also argues that the ALJ erred by relying solely on Grids and by failing to consult a vocational expert regarding whether Baker's cane use erodes the sedentary occupational base. He argues that because the ALJ determined that Baker's cane is "medically required," he was obligated to determine whether use of a cane constitutes a non-exertional impairment that significantly limits Baker's

ability to perform all the basic exertional and non-exertional sedentary tasks.  *See*

*Phillips*, 357 F.3d at 1242.

The ALJ permissibly relied on the Grids to determine that Baker is not

disabled.  The ALJ discounted Baker's testimony concerning the incapacitating

effects of his impairment.  Ultimately, the ALJ considered the medical and other

evidence of record and concluded that Baker "has the residual functional capacity

to perform the full range of sedentary work."  Baker required the cane for

walking—an exertional function and one of the "strength requirements" of a job.

Other than his own discredited testimony, the record contains no evidence to

suggest that Baker's use of a cane is a non-exertional limitation that significantly

impaired the basic work skills required to perform at a sedentary level.  *See*

20 C.F.R. § 404.1569a(c).  Because the ALJ concluded that Baker had the RFC to

perform the full range of sedentary work that was unimpaired by his use of a cane,

the ALJ did not err by relying on the Grids to determine that Baker was not

disabled.  *See  Phillips*, 357 F.3d at 1240–42.

Baker also complains that the government improperly advanced an

argument for the first time on appeal—namely, that Baker's cane was not

medically required—and that the magistrate judge improperly adopted this

argument.  The Supreme Court has held that a court may not accept appellate

counsel's *post hoc* rationalizations for agency actions. *See FPC v. Texaco Inc.*, 417 U.S. 380, 397, 94 S. Ct. 2315, 2326 (1974) (citation omitted). If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order. *Id.* (citation omitted). In this case, however, the agency's action may be upheld based on the ALJ's opinion, without relying on a *post hoc* rationalization. We do not address the magistrate's reasoning, as our review is limited to the agency decision. *See, e.g.*, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) ("We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards.") (quotation and citation omitted).

Accordingly, we affirm the magistrate judge's order upholding the Commissioner's denial of benefits.

**AFFIRMED.**