[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11066

Non-Argument Calendar

_____

DAVINA HOWZE,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:19-cv-01944-CLM

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Davina Howze appeals the district court's order granting summary judgment in favor of the Commissioner of the Social Security Administration (the Commissioner). The district court concluded that the administrative law judge (ALJ) properly denied Howze's claims for supplemental security income (SSI) and disability insurance benefits (DIB). She argues, first, that the Appeals Council erred in determining that a 2019 physical capacities evaluation form (the July 2019 form) by Dr. Vishala Chindalore submitted after the ALJ's decision, was not chronologically relevant. Second, she argues that, in light of the July 2019 form, substantial evidence did not support the ALJ's denial of benefits. Lastly, she argues that the district court's alternative finding that the July 2019 form was not material was an impermissible post hoc rationalization of the Appeals Council's decision, which did not reach that issue.

I.

Howze filed applications for SSI and DIB in June 2016, alleging a disability onset date of August 13, 2015. In her two disability reports, she stated that her conditions of lupus, diabetes, high blood pressure, and rheumatoid arthritis limited her ability to work. Because disability examiners denied her applications initially and on reconsideration, Howze requested a hearing before the ALJ.

The medical evidence predating Howze's applications shows that, in 2013, Howze began visiting Dr. Chindalore, who diagnosed her with lupus. Howze routinely visited Dr. Chindalore over the next several years, including the period at issue in her disability applications. Howze often described her symptoms as moderate in severity and Dr. Chindalore reported that her symptoms were stable and doing well with medication.

The ALJ held a hearing in September 2018, and in November 2018, the ALJ denied Howze's applications, concluding that she was not disabled and thus did not qualify for either DIB or SSI. Howze administratively appealed to the Appeals Council. She argued, *inter alia*, that new and material evidence supported her claim. Howze submitted the July 2019 form[1] from Dr. Chindalore, which placed several limitations on Howze's ability to work due to her impairments. Dr. Chindalore indicated on the July 2019 form that these limitations existed at least as far back as August 13, 2015. She did not, however, refer to any past evaluations or findings, nor did Howze submit further evidence indicating that the July 2019 form was based on Dr. Chindalore's earlier findings

The Appeals Council denied Howze's administrative appeal. It stated that the July 2019 form did not relate to the period at issue, and therefore did not affect the ALJ's decision finding that Howze

---

[1] Howze also submitted additional evidence besides the July 2019 form to the Appeals Council, which the Appeals Council did not consider. However, she does not appeal those determinations.

was not disabled from August 13, 2015 through November 14, 2018. Subsequently, Howze appealed to the district court and argued that the Appeals Council erred by failing to consider the July 2019 form as new, chronologically relevant, and material evidence. The district court affirmed the denial of benefits. In relevant part, the district court concluded that the Appeals Council correctly found the July 2019 form chronologically irrelevant. The district court also affirmed on an alternative basis that even if the July 2019 form was chronologically relevant, it was not material. Howze timely appealed.

## II.

Turning to Howze's first issue on appeal, she argues that the Appeals Council erred because the July 2019 form was chronologically relevant because it was based on her conditions before the ALJ hearing and was submitted by Dr. Chindalore, who treated her during the period for which she sought benefits. Thus, she contends, relying on *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317 (11th Cir. 2015) (per curiam), that her case is distinguishable from cases in which we have held that medical records submitted after the ALJ's decision were not chronologically relevant because the evaluating physician did not review past records. *See, e.g.*, *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1310 (11th Cir. 2018) (per curiam). Further, she asserts, for the first time on appeal, that the Appeals Council erred in applying a new standard of review enacted as a result of recent rule changes: whether there was a "reasonable probability" that the

new evidence would change the result, instead of the "reasonable possibility" standard required by the rules in effect at the time Howze filed her claim.

In a social security case, we review the agency's legal conclusions de novo, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). However, as a general principle, we will not address an argument in a social security appeal that was not raised in the district court. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam).

Generally, a claimant may present evidence at each stage of the agency's administrative review process. *See Hargress*, 883 F.3d at 1308. "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Id.* at 1309. Evidence is chronologically relevant if it relates to the period on or before the ALJ's hearing decision. *Id.* Whether evidence meets the new, material, and chronologically relevant standard is a question of law subject to de novo review. *Washington*, 806 F.3d at 1321. The Appeals Council commits reversible error when it improperly refuses to consider evidence. *Id.* "[M]edical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant." *Id.* at 1322.

In *Washington*, the claimant submitted to the Appeals Council a psychologist's evaluation and accompanying opinion

about the degree of the claimant's mental limitations, which were prepared seven months after the ALJ's decision. *Id.* at 1319. We concluded that the psychologist's materials were chronologically relevant because: (1) the claimant described his mental symptoms during the relevant period to the psychologist, (2) the psychologist had reviewed the claimant's mental health treatment records from that period, and (3) there was no evidence of the claimant's mental decline since the ALJ's decision. *Id.* at 1322–23 (limiting its holding to "the specific circumstances of this case").

But we have also held that the Appeals Council correctly declined to consider new medical records because the records were "about a later time" than the ALJ's decision, and, therefore, did not affect the decision about whether the claimant was disabled during the relevant period. *Hargress*, 883 F.3d at 1309. In *Hargress*, we held that the new records were not chronologically relevant because nothing in them indicated that the doctor, who did not treat the claimant during the relevant period, had reviewed the appellant's medical records, or that the information in the new records related to the period at issue. *Id.* at 1309–10.

As an initial matter, Howze has waived her argument that the Appeals Council applied the wrong standard of review by failing to raise it before the district court. *Crawford*, 363 F.3d at 1161. Accordingly, we decline to consider this argument for the first time on appeal.

Further, the Appeals Council did not err in determining that Dr. Chindalore's July 2019 form was not chronologically relevant.

21-11066                 Opinion of the Court                 7

Dr. Chindalore completed the July 2019 form over eight months after the ALJ's decision.  Like in *Hargress*, the July 2019 form was "about a later time" than the ALJ's decision, and nothing indicated that Dr. Chindalore relied on Howze's earlier medical records in concluding that her findings dated back to August 13, 2015.  *See* 883 F.3d at 1309–10.  Howze is correct that, unlike in *Hargress*, Dr. Chindalore was her treating physician from the relevant period. Nevertheless, that decision did not indicate that the identity of the doctor was dispositive; it was instead one factor we considered in determining that the post-hearing evidence was not based on medical records from the relevant period.  *See id.* at 1310.  Here, even though Dr. Chindalore was her treating physician, "nothing in the form or any other documents indicated that [she] evaluated [Howze's] past medical records when forming [her] opinion." *Id.* Further, Howze's case is distinguishable from *Washington*, which we expressly limited to its facts and where the physician did review medical records from the relevant period in forming his opinion. *See* 806 F.3d at 1322–23.  Accordingly, the new evidence was not chronologically relevant, and the Appeals Council was not required to consider it.  *Hargress*, 883 F.3d at 1310.  Therefore, we affirm the Appeals Council's decision not to consider the July 2019 form.

## III.

Next, Howze argues that substantial evidence does not support the ALJ's decision when the July 2019 form is considered. However, this argument hinges on this court finding that the

8                    Opinion of the Court                 21-11066

Appeals Council should have considered the July 2019 form in the first place.  As noted above, the Appeals Council properly declined to consider the July 2019 form because it was not chronologically relevant.  Therefore, Howze's argument that the ALJ's decision is not supported by substantial evidence when considering the July 2019 form fails.[2]

IV.

Lastly, Howze argues that the district court erred by affirming the Appeals Council on a post hoc rationalization.  The Supreme Court stated the rule for post hoc rationalization of agency action in *SEC v. Chenery Corp.*, 67 S. Ct. 1575, 1577 (1947) (*Chenery II*) "that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."  Howze contends that the district court conducted a post hoc rationalization by supplementing its decision with a finding that the July 2019 form was also not material, in addition to finding it was not chronologically relevant.  Howze relies on our unpublished decision in *Baker v. Commissioner of*

---

[2] Howze also suggests that the ALJ decision is not based on substantial evidence because the ALJ did not ask the vocational expert any questions during the hearing.  Because Howze cites to no authority for this argument, she has abandoned it.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

*Social Security* in further support of this argument. 384 F. App'x 893, 896 (11th Cir. 2010). In *Baker*, we did refer to the rule articulated above in *Chenery II* that a reviewing court "may not accept appellate counsel's *post hoc* rationalization for agency actions." *Id.* However, we further noted that, on an appeal of a district court order in a social security case, our review is limited to the agency's decision. *Id; see also Crawford*, 363 F.3d at 1158 ("We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards."). We need not address the district court's reasoning as our review in this appeal is limited to the Appeals Council's decision. Accordingly, we affirm the district court's order upholding the Commissioner's denial of benefits.

**AFFIRMED**.